UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TAWANA SEGAR,

              - against -                **COMPLAINT**

TRANSPORT WORKERS UNION, LOCAL 100
and DEIRDRE FEERICK, jointly and severally,    Index no.   1:20-CV-00233

------------------------------------------------------------X

      Plaintiff Tawana Segar ("Plaintiff" or "Segar"), individually, by and through her attorneys, The Law Offices of Retu Singla, P.C., A Working Peoples Law Center, and Mason Law, LLP, upon her knowledge and belief, and as against TWU LOCAL 100, ("Local 100") and Deirdre Feerick ("Feerick") (hereinafter collectively referred to as "Defendants"), allege as follows:

### NATURE OF ACTION

1. This lawsuit seeks to recover wages and overtime compensation for Plaintiff who has worked for Defendants, pursuant to the Fair Labor Standards Act, 29 U.S §§ 201 *et seq.* ("FLSA").

2. Plaintiff brings this action on behalf of herself to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have deprived Plaintiff of lawfully earned wages.

3. Plaintiff also brings this action on behalf of herself pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq*.

4. This action is also brought pursuant to 42 U.S.C. § 1983 to redress the discrimination against the Plaintiff in the terms, conditions and privileges of her employment, as

well as the deprivation by Defendants, under the policies, ordinances, custom and usage of all rights, privileges and immunities secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States and all of the laws and statutes thereunder. This action also arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, et seq., the Americans with Disabilities Act, and any other cause of action which can be inferred from the facts set forth herein.

5. This action is also brough to redress unlawful employment practices under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), the New York State Human Rights Law ("State Human Rights Law") N.Y. Exec. L. §290 et seq., and the New York City Human Rights Law ("City Human Rights Law") N.Y.C. Admin. Code §8-101 et seq.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

7. The Court also has jurisdiction over the Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8. This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

10. At all times hereinafter mentioned, Segar was and still is a resident of the County of Kings, State of New York.

11. Defendant is a labor organization which represents employees in an industry affecting commerce within the meaning of the National Labor Relations Act, as amended, 29 U.S.C. §§ 141-187. Defendant's principal office is located at 110 Montague Street, Brooklyn, New York, 11201.

12. Defendants employed Plaintiff as an Assistant from 2009 to 2010 at which time she transferred title to Secretary until 2012 at which time she transferred title to Legal Assistant/ Paralegal 2 until August 2018.

13. Plaintiff's duties involved answering telephones, maintaining files, making copies and data entry on behalf of Defendants.

14. Defendant Feerick, a Caucasian Female, is an individual engaged in directly supervising plaintiff's work and directed when wages were to be paid and deducted from plaintiff during the relevant time period.

15. Defendant Feerick is sued individually and in her capacity as agent of Defendant TWU Local 100.

16. Defendant Feerick determines the wages and compensation of employees of Defendants, including Plaintiff, establishes the schedules of employees, maintains employee records, and has the authority to deduct wages and hire and fire employees.

17. At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices that applied to them.

18. At all relevant times herein, Plaintiff was employed by Defendant in Kings County, New York, and was an "employee" within the meaning of 29 U.S.C. § 203(e).

19. At all relevant times herein, Defendants employed Plaintiff as an "employee", as defined by the Wage Order, 12 N.Y.C.R.R. § 146-3.2.

20. At all relevant times herein, Plaintiff was an "employee" of Defendants, as defined by NYLL § 2(5).

21. At all relevant times herein, Plaintiff was an "employee" of Defendants, as defined by NYLL § 190(2).

22. At all relevant times herein, Plaintiff was an "employee" of Defendants, as defined by NYLL § 651(5).

23. At all relevant times herein, Defendants were an "employer" of Plaintiff as defined in 29 U.S.C. § 203(d).

24. At all relevant times herein, Defendants were Plaintiff's "employer," as defined by NYLL § 2(6).

25. At all relevant times herein, Defendants were Plaintiff's "employer," as defined by NYLL § 190(3).

26. At all relevant times herein, Defendants were Plaintiff's "employer," as defined by NYLL § 651(6).

27. At all relevant times herein, Plaintiff was "employed" by Defendants, as defined by NYLL § 2(7).

28. At all times relevant herein, Defendant TWU Local 100 was an "enterprise" within the meaning of 29 U.S.C. § 203(r).

29. At all relevant times herein, Defendant TWU Local 100 was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

30. At all relevant times herein, Defendants were each a "person" within the meaning of 29 U.S.C. § 203(a).

31. At all relevant times herein, Plaintiff was an employee engaged in or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 – 207.

32. Defendants, at all relevant times herein, has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

33. Upon information and belief, at all relevant times herein, Defendant had gross annual revenues in excess of $500,000.00.

34. Defendant is a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiff.

## INTRODUCTION

35. Consistent with Defendant's policy and pattern or practice, Plaintiff was categorized as a nonexempt salaried employee working a fluctuating work week and thus was entitled to a biweekly predetermined salary per workweek regardless of actual hours worked.

36. All of the work that Plaintiff performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff has performed.

37. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff.  This policy or practice includes:

    a.  willfully failing to pay Plaintiff her salary;

    b.  willfully improperly deducting from her salary sick and vacation time for partial days absences due to her disability in violation of the Defendants salary basis pay policy; and,

    c.  willfully deducting wages from Plaintiff without permission;

38. Defendant is aware or should have been aware that federal law required them to pay employee salary and prohibits deduction of wages for partial day absences under a salary basis and fluctuating workweek method of payment.

39. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FACTUAL ALLEGATIONS

40. Plaintiff is a former employee of Defendants TWU LOCAL 100 and DEIRDRE FEERICK.

41. Plaintiff is an African American female who suffers from a disability.  Specifically, Plaintiff suffered from bulging and herniated discs in her back as a result of a work-related injury which occurred on November 1, 2016.

42. Defendants own, operate, or control a labor organization which represents employees in an industry affecting commerce within the meaning of the National Labor Relations Act, as amended, 29 U.S.C. §§ 141-187.

43. Upon information and belief, Defendant Feerick serves as direct supervisor, manager, or agent of TWU Local 100.

44. Defendants employed Plaintiff as a Legal Assistant/ Paralegal 2 from in or around 2012 to August 10, 2018. From the beginning of her employment with Local 100 she has been classified as a nonexempt salaried employee.

45. In or about November 1, 2016, Segar was asked to relocate from her office and transfer all of her belongings, including 10 boxes of files, to a different office space with only 72 hours' notice.  When Segar asked for assistance with this heavy lifting and moving, she was told that no help could be provided.

46. On or about November 1, 2016, while engaging in the relocation, Segar began experiencing pain in her lower back to the point where she was no longer able to standup straight.

47. Segar notified the Secretary Treasurer's office and the Chief of Staff of Local 100 of her injury.  When her symptoms did not subside, Ms. Segar met with her doctor on November 1, 2016 and was diagnosed with a sprained back.  Her doctor placed Segar out of work on that day.

48. Concerned that Segar may have experienced a more significant injury, Segar's physician referred her for a subsquent MRI.  The MRI indicated that Segar was suffering from several bulging and herniated discs.

49. At this time, Segar took medical leave to recover from her injuries.  During her medical leave, Segar kept Local 100 informed of her medical condition and provided Local 100 with doctor's notes in support of her need for ongoing medical treatment.

50. Upon her return almost a year later, on August 21, 2017, Segar sought an accommodation for her medical treatment/physical therapy she needed to attend 3 times a week.  She was granted an accommodation without suffering a deduction

from her leave balances for her partial days worked. At no time did Local 100 inform Segar of her right and ability to apply for FMLA leave for her serious medical condition.

51. On or about September 6, 2017, Feerick met with Segar and her colleague, Damian Treffs (Caucasian Male) ("Treffs"), to modify the existing reasonable accommodation. Feerick stated that she wanted to deduct vacation and sick time for the hours Segar seeks medical treatment for her work-related injury.

52. During this meeting Segar raised the contradiction of this modification with Local 100's April 13, 2015 communicated policy of no partial day deductions and Treffs countered that his leave bank is not deducted for partial days worked due to, for example, childcare responsibilities. Feerick responded: "Damian, you are different". Moments later, Feerick stated directly to Segar: "I don't understand you people. You always want something for nothing."

53. After 3 weeks of receiving this reasonable accommodation without partial day deductions, Local 100 unilaterally modified the accommodation on or about September 11, 2017 by deducting hours from only Segar's vacation balance.

54. In addition, on September 15, 2017, Feerick began to deduct partial days worked for childcare responsibilities only from Segar and not from other Caucasian Local 100 employees who had similar childcare responsibilities. For example, Local 100 did not deduct time from another of her coworkers, Edward Kennedy (Cacusasian Male) for partial days worked.

55. On or about October 1, 2017 Local 100 unilaterally modified the accommodation again by deducting hours from both her vacation and sick balances.

56. In or about April 2018, Feerick begins repeatedly contacting Segar's medical providers directly because she does not believe Segar suffers from a disability. On or about April 25, 2018, Local 100 unilaterally rescinds Segar's accommodation.

57. Although Segar returned to work on August 21, 2017, she suffered a flare up of her physical condition on May 4, 2018 because Local 100 refused to allow her to treat her medical condition. Specifically, Feerick told Segar that going to physical therapy is "forbidden".

58. On or about July 31, 2018 Local 100 contacted Segar - while she was out on medical leave – in order to schedule a meeting with her to discuss her future employment status. After receiving treatment, Segar returned to work on August 6, 2018 and again sought a reasonable accommodation. Local 100 unilaterally refused and asked that she attend a meeting to discuss her future employment status on August 10, 2018.

59. At this meeting Segar was terminated from her position.

60. At all times relevant to this Complaint, Defendants violated the FLSA prohibition against unlawful deductions, 29 C.F.R. § 778.114, by requiring that Plaintiff's salary be reduced by the number of hours she sought medical treatment for her disability.

61. Defendants failed to notify Plaintiff, in writing, at the time of hiring of the following information: (1) the rates of pay and basis thereof, (2) whether paid by the hour, shift, day, week or salary; and, (3) allowances, if any, claimed as part of the minimum wage, including lodging allowances, (4) regular pay day designated, (5) name of the employer, (6) any "doing business as" names used by the employer, 6) the physical address of the employer's main office or principal place of business, and, (7) the employer's telephone number, in violation of NYLL § 195(1)(a).

62. Defendants failed to notify Plaintiff, in writing, when Plaintiff's wages were changed, of the following information: (1) the rates of pay and basis thereof, (2) whether paid by the hour, shift, day, week or salary; and, (3) allowances, if any, claimed as part of the minimum wage, including lodging allowances, (4) regular pay day designated, (5) name of the employer, (6) any "doing business as" names used by the employer, 6) the physical address of the employer's main office or principal place of business, and, (7) the employer's telephone number, in violation of NYLL § 195(1)(a).

63. During the time that Plaintiff was employed by Defendants, Plaintiff was issued paystubs that did not conform to NYLL § 195(3), including, but not limited to the pay period being paid in the paystub and the number of hours that Plaintiff worked in the pay period and an explanation of any hours deducted.

## FIRST CLAIM OF RELIEF
## FAIR LABOR STANDARDS ACT
## IMPROPER DEDUCTIONS

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. The salary paid based on fluctuating work week method of calculation provisions set forth in the FLSA, 29 CFR §§ 778.114 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff.

66. Defendant failed to pay Plaintiff her salary even though the workweek is one in which a full schedule of hours is not worked.

67. As a result of Defendant's unlawful acts, Plaintiff has been deprived of her compensation and other benefits in amounts to be determined at trial and is entitled to

recover of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

68. Defendant's unlawful conduct is willful and intentional. Defendant was aware or should have been aware that the practices described were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff even after being notified of its error.

69. Because Defendant's violations of the FLSA are willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**UNLAWFUL DEDUCTIONS**

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. The deductions from wages provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff.

72. Defendant failed to pay Plaintiff her proper salary to which she is entitled under the NYLL and the supporting New York State Department of Labor regulations.

73. Through their knowledge of and intentional failure to pay Plaintiff, Defendant has willfully violated the NYLL Article 19 §§ 193 *et seq.*, and the supporting New York State Department of Labor Regulations.

74. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant her unpaid salary, liquidated damages as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

**THIRD CLAIM FOR RELIEF**

## NEW YORK STATE LABOR LAW
## WAGE STATEMENTS

75. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76. The minimum wage provisions of Article 6 of the NYLL and its supporting regulations apply to Defendant, and protect Plaintiff.

77. Defendants failed to provide Plaintiff with a written statement concurrent with payment of wages which lists, *inter alia,* the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any to which she is entitled under the NYLL § 195(3) and the supporting New York State Department of Labor regulations.

78. Through their knowledge or intentional failure to provide Plaintiff and the members of the Rule 23 Class with wage statements, Defendant has willfully violated the NYLL Article 6 §§ 195 *et seq*.

79. Due to Defendant's violations of the NYLL § 195(3), Plaintiff is entitled to recover from Defendant $5,000.00 in damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

## FOURTH CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW
## NOTICE AT TIME OF HIRING

80. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81. The minimum wage provisions of Article 6 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff.

82. Defendants failed to notify Plaintiff in writing at the time of hiring with a notice including, but not limited to, the following: the rates of pay and basis thereof, whether Plaintiff was to be paid by the hour, shift, day, week, or salary: and allowances, if any, claimed as part of the minimum wage, in violation of NYLL § 195(1)(a).

83. Defendants failed to notify Plaintiff in writing at the time that her salary or hourly rates of pay were changed with a notice including, but not limited to, the following: the rates of pay and basis thereof, whether Plaintiff was to be paid by the hour, shift, day, week, or salary: and allowances, if any, claimed as part of the minimum wage, in violation of NYLL § 195(1)(a).

84. Through their knowledge of or intentional failure to provide Plaintiff with notice statements, Defendant has willfully violated the NYLL Article 6 §§ 195 *et seq*.

85. Due to Defendant's violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendant $5,000.00 in damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

## FIFTH CLAIM FOR RELIEF
## RACE DISCRIMINATION AND HARRASSMENT
## IN VIOLATION OF TITLE VII

86. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

87. Local 100 has discriminated against Segar on the basis of her race in violation of Title VII by denying to her the equal terms and conditions of employment, subjecting her to harassment and terminating her employment.

88. As a direct and proximate result of Local 100's unlawful discriminatory conduct in violation of Title VII, Segar has suffered, and continues to suffer, monetary and/or

economic harm, for which she is entitled to an award of monetary damages and other relief.

89. As a direct and proximate result of Local 100's unlawful discriminatory conduct in violation of Title VII, Segar has suffered, and continues to suffer, severe mental anguish and emotion distress including, but not limited to, embarrassment, stress and anxiety and emotional pain and suffering for which she is entitled to an award of monetary damages.

## SIXTH CLAIM FOR RELIEF
## DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT

90. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

91. By committing the foregoing acts of disability discrimination, Local 100 violated the Americans With Disabilities Act.

92. As a direct and proximate result of Local 100's violations of the Americans With Disabilities Act, Segar has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

93. Segar is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Local 100's discriminatory conduct unless and until this Court grants the relief requested herein.

## SEVENTH CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT

94. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

95. By committing the foregoing acts of retaliation, Local 100 violated the Americans With Disabilities Act.

96. As a direct and proximate result of Local 100's violations of the Americans With Disabilities Act, Segar has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

97. Segar is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Local 100's retaliatory conduct unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually, respectfully requests that this Court grant the following relief:

  a) An award of unpaid wages, an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

  b) Issuance of a declaratory judgment that the practices complained of are unlawful under the NYLL Article 6, §§ 198 *et seq.*, and the supporting New York State Department of Labor Regulations;

  c) An award of unpaid wages, unlawful deductions, and other unpaid wages, and 100% liquidated damages permitted by law pursuant to NYLL;

  d) An award of damages pursuant to NYLL 195(1)(a);

  e) An award of damages pursuant to NYLL 195(3);

  f) Prejudgment and post-judgment interest;

g) An injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein pursuant to NYLL;

h) A declaratory judgment that the actions, conduct and practices of Local 100 complained of herein violate the laws of the United States;

i) An injunction and order permanently restraining Local 100 from engaging in such unlawful conduct;

j) An order directing Local 100 to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Segar's future and past employment and personal life;

k) An award for all economic damages to be determined at trial, plus pre-judgment interest, to compensate Segar for Local 100's unlawful conduct, including back pay, front pay and lost benefits;

l) An award for all compensatory damages to be determined at trial, plus pre-judgment interest, to compensate Segar for future pecuniary losses, emotional distress, pain, suffering, inconvenience, mental anguish, stress, anxiety, humiliation, embarrassment, loss of enjoyment of life and other nonpecuniary losses as allowable;

m) Reasonable attorneys' fees and costs of the action; and,

n) Such other relief that this Court shall deem just and proper.

## JURY DEMAND

Segar demands a trial by jury on all issues of fact, her claims and damages herein.

Date: New York, New York
January 13, 20

                The Law Offices of Retu Singla, P.C.,
                A Working Peoples Law Center

By:    /s/ Retu Singla
       Retu Singla
       *Attorneys for Plaintiff*
       11 Broadway, Suite 615
       New York, New York 10004
       Tel. (646) 228-4729
       Email: rsingla@workingpeopleslaw.com


       Mason Law, PLLC.

By:    /s/ D. Christopher Mason
       D. Christopher Mason
       *Attorney for Plaintiff*
       11 Broadway – Suite 615
       New York, NY 10004
       T: 212.498.9691
       F: 212.498.9692
       Email: cmason@masonlawpllc.com