

WALTER M. COLLERAN (1912-1998)
RICHARD L. O'HARA
JOHN F. MILLS (1939-2003)
EDWARD J. GROARKE
CHRISTOPHER P. O'HARA
CAROL O'ROURKE PENNINGTON
DENIS A. ENGEL
JOHN S. GROARKE*
MICHAEL D. BOSSO

STEVEN C. FARKAS**
THOMAS P. KEANE***
DAMIEN O. MAREE**
TAYLOR ANNE WAITES
GARRETT J. DOWD
PATRICIA L. BOLAND
GLENN A. KREBS +

PARALEGALS
LAURA A. HARRINGTON
KRISTINE M. MURPHY
LILLY PIAZZA
KAREN ALBERTELLI GILBERT

* ALSO ADMITTED IN NEW JERSEY
** ALSO ADMITTED IN WASHINGTON, D.C.
*** ALSO ADMITTED IN NEW JERSEY AND CONNECTICUT
+ OF COUNSEL

November 25, 2020

**VIA ELECTRONIC FILING**
Honorable Eric N. Vitaliano, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, NY 10007

    Re:    **Segar v. Transport Workers Union, Local 100, et al.**
                **Case No. 20-CV-00233 (ENV)(SJB)**

Dear Judge Vitaliano:

       This firm represents Transport Workers Union Local 100 and Deirdre Feerick ("Defendants") in the above-referenced matter. Pursuant to Your Honor's Individual Rule III.(A), this letter shall serve as the Defendants' request for leave to file a motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6) and to respectfully request a pre-motion conference.

       The Amended Complaint filed by Plaintiff Tawana Segar ("Plaintiff") on November 11, 2020, alleges multiple new claims for relief including, *inter alia*, a claim for unpaid overtime under the Fair Labor Standards Act ("FLSA"). As discussed in detail herein, Plaintiff's claim under the FLSA is time barred, and to the extent any portion is not time-barred, it is deficiently pled. Accordingly, Defendants seek leave to file a motion to dismiss Plaintiff's FLSA claim.

**Plaintiff's FLSA Claim is Time Barred**

       In her Amended Complaint, Plaintiff alleges that Defendants violated the FLSA because she worked in excess of 40 hours per week but was not paid overtime, as a result of her misclassification as an exempt employee who received a salary. Plaintiff's specific allegations are as follows:

> Upon information and belief Plaintiff worked in excess of 40 hours in the workweek on several occasions. For example, the week of: 2/16/2014 (she worked 44 hours), 3/9/2014 (she worked 44 hours), 6/1/2014 (she worked 48 hours), 9/7/2014 (she worked 48 hours), 10/19/2014 (she worked 44 hours), 1/5/2015 (she worked 1 hour 10 min overtime), 1/12/2015 (she worked 35 min overtime), 2/9/2015 (she worked 25 min overtime), 2/16/2015 (she worked 1 hour 57 min overtime), 3/2/15 (she worked 1 hour 36 min overtime), 3/16/2015 (she worked 49 min overtime), 4/20/2015 (she worked 1 hour 13 min overtime), 5/4/2015 (she worked 1 hour 9 min overtime), 5/25/2015 (she worked 48 hours), 10/12/15 (she worked 44 hours), 12/7/2015 (she worked 48 hours), 2/21/2016 (she worked 45 hours), 3/13/2016 (she

worked 44 hours), 5/29/2016 (she worked 48 hours), 10/23/2016 (she worked 44 hours). From 2014 to 2017 plaintiff was expected to answer her employer issued cell phone and respond to emails during evenings and weekends. (Am. Comp. at ¶ 55.)

Taking Plaintiff's allegations of willful violations of the FLSA in the light most favorable, as required for the purposes of a motion to dismiss, the applicable statute of limitations is 3 years from the date the claim accrued. 29 U.S.C. §255. As a result, Plaintiff's filing of the within claim on November 11, 2020 renders all claims that accrued before November 11, 2017 time barred.[1] Litras v. PVM Intern. Corp., 11-CV-5695 JFB AKT, 2013 WL 4118482, at *6 (E.D.N.Y. Aug. 15, 2013)("[B]ecause plaintiff's complaint was filed on November 21, 2011, she cannot claim overtime wages for work done prior to November 21, 2008 (more than three years before her complaint was filed). Plaintiff's claim is therefore, limited to overtime pay allegedly owed after November 21, 2008.").

Plaintiff's allegations of specific workweeks where she claims to have worked in excess of 40 hours all predate the limitations period, and therefore her claim must be limited accordingly.

**The Balance of Plaintiff's FLSA Claim is Not Plead Sufficiently**

The balance of Plaintiff's FLSA claim alleges that Plaintiff worked in excess of 40 hours per week sometime within the year 2017, with no other detail. Plaintiff merely alleges "[f]rom 2014 to 2017 plaintiff was expected to answer her employer issued cell phone…" (Am. Comp. at ¶ 55). Such an allegation is inadequate to plead the claim with the requisite degree of specificity as required in this Circuit. Lundy v. Catholic Health System of Long Island, 711 F.3d 106, 114 (2d Cir.2013)(internal citations omitted). "[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Id. at 114.

Following that standard, the Second Circuit, in subsequent cases, proceeded to find the pleading of an FLSA overtime claim to be inadequate in a case where the complaint merely alleged that overtime hours were worked without "provid[ing] sufficient detail about the length and frequency of [the] unpaid work to support a reasonable inference that they worked more than forty hours in a given week", Nakahata v. N.Y.-Presbyterian Healthcare Sys., Nos. 11–0734, 11–0710, 11–0713, 11–0728, 2013 U.S.App. LEXIS 14128, at *20, 2013 WL 3743152 (2d Cir. July 11, 2013), and in a case where the complaint merely "tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation," Dejesus v. HF Mgmt. Servs., No. 12–4565, 2013 U.S.App. LEXIS 16105, at *13, 2013 WL 3970049 (2d Cir. Aug. 5, 2013).

It is not possible to determine the extent to which Plaintiff alleges she worked during this time period necessary to determine if she worked more than 40 hours in a given week, as required. The Lundy standard is particularly applicable where a plaintiff is alleging "off the clock" work, as is being alleged herein. Johnson v. Equinox Holdings, Inc., 13 CIV. 6313 RMB JLC, 2014 WL

---

[1] Plaintiff alleges FLSA overtime violations for the first time in her Amended Complaint. Therefore, the filing of the Amended Complaint is the appropriate starting point.

3058438, at *4 (S.D.N.Y. July 2, 2014)("Such generalized and imprecise [off the clock] allegations, which identify neither the weeks during which he worked more than forty hours nor the specific number of hours he worked during such weeks, fail to provide some factual context that will 'nudge' [his] claim from conceivable to plausible.")(internal citations omitted). As a result, Plaintiff has failed to adequately allege a claim under the FLSA in keeping with the Lundy standard and its progeny.

Thank you for your time and kind consideration of this request.

Respectfully submitted,

COLLERAN, O'HARA & MILLS L.L.P.

By: _____
Patricia L. Boland

cc: All counsel of record for Plaintiff (via ECF)

3